DECISION AND JUDGMENT ENTRY
The Ohio Motor Vehicle Salvage Dealers Licensing Board (Board) appeals the trial court's reversal of its revocation of Jack Fish Sons's (Fish) salvage dealer's license. The Board contends that the trial court abused its discretion in admitting newly discovered evidence and in reversing the decision to revoke Fish's license because reliable, probative and substantial evidence supported its finding that Fish was not primarily engaged in the sale of salvage vehicle parts. Fish argues that the Board did not consider the totality of the circumstances because he sold many of the salvage vehicles entirely for parts. Therefore, Fish reasons the Board should consider the salvage vehicles that he sold only for parts as salvage "parts sales," rather than the sale of a vehicle. The Board did not specifically determine whether it is permissible to sell a salvage vehicle "for parts only." In the absence of such a finding, we cannot effectively review the merits of this appeal. Since the Board is in the best position to interpret its own technical requirements, Pons v. OhioState Med. Bd., 66 Ohio St.3d 619, 1993-Ohio-122, 614 N.E.2d 748, syllabus, we must remand this case to the Board for a finding of whether salvage vehicles sold solely for parts are vehicle sales or alternatively, parts sales.
In 1999, after receiving an anonymous complaint, the Board started an investigation into Fish's business practices. William Leach conducted the investigation for the Board. Leach's inspection of Fish's business property and records revealed a lack of salvage parts. Moreover, Leach reviewed various accounting ledgers and calculations maintained by Fish's accountant, Jeffrey Dever. After his review, Leach compared total salvage parts sales to total car sales over a six-month period and determined that only 7% of Fish's total sales were attributable to salvage parts sales. The rest of the sales were for salvage vehicles.
Stuart Fish, the president of Fish Sons, testified that his record keeping practices made it appear that he was selling salvage vehicles because he was forced, under threat of prosecution, to transfer the title to the vehicle even if the vehicle was sold solely for parts. However, Mr. Fish stated that he was in the process of changing his record keeping system so that, in the future, salvage vehicle sales would be divided into salvage vehicles and salvage vehicles sold for parts. Moreover, Mr. Fish reasoned that if the Board considered the totality of the circumstances, it would find that his business operated primarily for the sale of salvage vehicle parts during the six months in question since he sold many of the salvage vehicles solely for parts. Nevertheless, the Board revoked Fish's salvage dealers license and Fish appealed to the Scioto County Common Pleas Court.
The trial court granted Fish's motion to supplement the record with Dever's deposition[1]. The court found, based on its review of the record and Dever's deposition, that reliable, probative and substantial evidence did not support the Board's decision to revoke Fish's license. Therefore, the trial court reinstated Fish's license. This appeal by the Board followed.
The Board assigns the following errors:
FIRST ASSIGNMENT OF ERROR
 "THE COURT OF COMMON PLEAS ERRED WHEN IT REVERSED THE REVOCATION ORDER OF THE OHIO MOTOR VEHICLES SALVAGE DEALER'S [SIC] LICENSING BOARD AS THAT ORDER WAS SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE AND WAS IN ACCORDANCE WITH LAW."
 SECOND ASSIGNMENT OF ERROR
 "THE COURT OF COMMON PLEAS ERRED BY SUPPLEMENTING THE CERTIFIED RECORD WITH EVIDENCE THAT WAS NOT "NEWLY DISCOVERED" AS REQUIRED BY R.C. 119.12."
The Board argues that we should reverse the court of common pleas because the court abused its discretion in supplementing the record with Jeffrey Dever's deposition. Moreover, the Board contends that the court further abused its discretion because reliable, probative and substantial evidence supports the Board's decision to revoke Fish's license. We do not reach the merits of the Board's assignments of error because the Board did not determine whether a salvage dealer licensee may properly sell a salvage vehicle "for parts only."
The Board did not make an express determination on a central issue in this case, e.g., whether a salvage dealer may sell a salvage vehicle solely "for parts." This omission is critical to our ability to carry out our review function. Thus, we must remand to the Board because administrative agencies are in the best position to interpret the technical requirements of its profession and reviewing courts must, absent an abuse of discretion, defer to those interpretations. Pons,66 Ohio St.3d at 621-22. The Ohio Supreme Court noted the policy reasons for this when it stated "[t]he purpose * * * in providing for administrative hearings in particular fields [is] to facilitate such matters by placing the decision on facts with boards or commissions composed of people equipped with the necessary knowledge and experience pertaining to a particular field." Id. at 621-22, quoting Arlen v. State (1980),61 Ohio St.2d 168, 173, 399 N.E.2d 1251.
The Board decided that Fish was not primarily engaged in the sale of salvage vehicle parts. But the Board did not decide whether salvage vehicles sold solely for parts can be considered parts sales. In light of Fish's undisputed testimony that he sold some salvage vehicles solely for parts, the Board should have expressly decided whether salvage vehicles sold solely for parts are properly considered parts sales, as opposed to being vehicle sales. The Board must make this determination in order to facilitate effective appellate review. It is important that the Board make this determination so that all salvage dealers licensee's can properly operate their businesses. If salvage dealers are permitted to sell salvage vehicles for parts only, they must take steps to ensure that their record keeping systems properly reflect this practice since salvage dealers licensee's must operate primarily in the sale of salvage vehicle parts. However, if salvage vehicles cannot be sold solely for parts, salvage dealers must be put on notice that they must physically break down the vehicle before it is considered a parts sale. Therefore, we reverse and remand this matter to the Board for a de novo determination of this matter.
JUDGMENT REVERSED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Evans, J.: Concur in Judgment and Opinion.
[1] In his deposition, Dever stated that Fish changed his record keeping system in order to reflect the number of salvage parts sold, the number of salvage vehicles sold and the number of salvage vehicles sold for parts. Dever used this new record keeping system, which Mr. Fish discussed in his testimony before the Board, to show that Fish was primarily engaged in the sale of salvage parts during the time that Leach's inspection alleged that Fish was not primarily engaged in the sale of salvage parts.